OPINION
Defendant-appellant, Cammie Perry, appeals her conviction in the Hamilton Municipal Court for driving under the influence of alcohol. We affirm.
At approximately 9:35 p.m. on June 18, 1997, Deputy Hale of the Butler County Sheriff's Office "received a dispatch of a possible one car accident over an embankment" on State Route 128 in St. Clair Township. Upon arriving at the scene, Hale observed a vehicle over an embankment and appellant "leaning up against the vehicle." The keys to the vehicle were in the ignition. Appellant told Hale that "she was trying to back out and she slid in the mud and [the vehicle] was stuck." Hale noticed a strong odor of alcohol "on [appellant's] person." Hale asked appellant to perform a field sobriety test, the one legged stand test, which she failed. At that point, appellant was placed under arrest. While being detained in Hale's cruiser, appellant changed her story and claimed she was not driving the vehicle.
During an inventory search of appellant's vehicle, Hale discovered some empty cans of beer. Appellant admitted that she had been drinking. At approximately 11:00 p.m. at the sheriff's office, appellant submitted to a breathalyzer and tested .232 grams of alcohol per two hundred ten liters of breath.
The only defense witness was James Evans, an acquaintance of appellant, who testified to his recollection of events prior to the accident. Evans testified that he was a passenger and appellant was driving the vehicle. While driving on State Route 128, appellant passed the cross street which would take them to their destination, a pool tournament at a local bar. While attempting to turn around, the vehicle slid in the mud, which was wet from rain earlier in the day, and went over the embankment at approximately 8:00 p.m. Next, Evans claimed that he and appellant each had a couple of beers. Evans then walked approximately a mile and a half to a bowling alley to call for a tow truck. Evans testified he did not witness appellant drinking before the accident, but admitted that he was drinking prior to the accident.
Appellant was charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (3).[1]
a bench trial, appellant was found guilty of "DUI" in violation of R.C. 4511.19 in a September 9, 1997 judgment entry. Appellant subsequently filed a timely notice of appeal. Due to the failure of the judgment entry to indicate which section of R.C. 4511.19(A) applied to appellant's conviction, this court remanded this case to the trial court. On December 8, 1998, the trial court filed an amended judgment entry indicating appellant was convicted of R.C.4511.19(A)(1).[2] Appellant presents two assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN CONVICTING HER FOR DUI.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN FINDING THE DEFENDANT GUILTY.
In the first assignment of error, appellant argues the evidence was legally insufficient to support the conviction. The Supreme Court of Ohio has stated the concept of legal sufficiency of the evidence refers to whether the conviction can be supported as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380,386. In making this determination, the reviewing court must view the evidence in the light most favorable to the prosecution, and determine whether any reasonable trier of fact could find appellant committed the crime beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 273.
In the second assignment of error, appellant argues that the conviction was against the manifest weight of the evidence. An appellate court cannot reverse a conviction for being against the manifest weight of the evidence unless "the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Thompkins at 387. Reversal of a conviction is appropriate only "where the evidence clearly weighs heavily against the conviction." Id. We consider the facts of this case under the legal sufficiency and manifest weight standards of review.
In this case, appellant initially admitted to "trying to back out" the vehicle, which was found over an embankment on State Route 128. She failed the one legged stand test administered by Hale and scored .232 on a breathalyzer test. Defense counsel stipulated to the breathalyzer results at trial. In addition, appellant admitted to Hale that she had been drinking. The only evidence of appellant drinking after the accident was Evans testimony that she consumed two beers. Nevertheless, appellant argues the evidence is legally insufficient and/or against the manifest weight of the evidence because the state cannot prove appellant was under the influence at the time of the accident.
However, it is within the realm of common sense that someone would not typically score .232 on a breathalyzer test after drinking only two cans of beer. Even if the breathalyzer result could be attributable to two cans of beer, the trial court concluded that Evans was an incredible witness and appellant was not drinking with Evans after the accident. We find no basis to challenge the trial court's evaluation of Evans' credibility.
Appellant argues that the breathalyzer could reflect appellant drinking after Evans went to call for the tow truck. However, after Evans went to call for the tow truck, the trial court was entitled to reach the conclusion that "[y]our [sic] not sitting around on a hillside * * * drinking beer" alone while waiting for a tow truck. Accordingly, the trial court could have concluded that appellant's breathalyzer result, as well as the other evidence of appellant's drinking, reflected that she was under the influence of alcohol before the accident occurred. Thus, we conclude the evidence supporting appellant's conviction is legally sufficient and is not against the manifest weight of the evidence. Accordingly, the first and second assignments of error are overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] R.C. 4511.19(A) provides that "[n]o person shall operate any vehicle * * * within this state if any of the following apply: (1) The person is under the influence of alcohol * * * (3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath."
[2] The judgment entry still is not technically correct because it refers to "the Codified Ordinances of the City of Hamilton, Ohio." As we have noted in another recent case from the Hamilton Municipal Court, the parallel DUI provisions in the Hamilton Codified Ordinances use a different numbering system than the Ohio Revised Code. The applicable Hamilton Ordinance statute would be 333.01(a)(1). Therefore, the amended judgment entry either intends to refer to the Ohio Revised Code or has the wrong statute number. In any event, the analysis is the same under R.C. 4511.19(A)(1) or Hamilton Ordinance 333.01(a)(1). See State v. Dowers (Dec. 14, 1998), Butler App. No. CA98-03-065, unreported, at 1, fn. 1.